# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CRAIG HOWELL, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) CIVIL NO. 09-cv-313-GPM ) |
| OFFICER HINTON, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

The Court previously separated Plaintiff Howell's complaint into four numbered counts. Each count sought relief against a separate group of defendants, and each count arose out a separate incident. The Court advised Howell of its intention to sever his claims into separate lawsuits and gave him the opportunity to voluntarily dismiss any of his claims (*see* Doc. 12). Howell chose to dismiss one of his four claims (*see* Doc. 15), and the Court then severed two of the remaining claims into new lawsuits (*see* Doc. 16). Pending in ***this*** action is Howell's claim against Defendant Hinton for failing to protect him from harm (¶¶ 30-32).

Howell alleges that in February 2007, while in the segregation unit at Lawrence Correctional Center, a neighboring cell was set afire, and smoke poured into Howell's cell. He banged on his cell door to be released, as did other inmates. Officers, including Defendant Hinton, began moving inmates from their cells. Howell alleges that Hinton simply stood outside his door and told him to "stop being a big baby," but Hinton did not open the door. Fifteen minutes later, other officers removed Howell from his cell and took him to the health care unit. He was treated for headaches, chest pains, and injuries to his hands and shoulders sustained from prolonged banging on his cell

door. Howell alleges that Hinton's failure to remove him from his cell in a timely manner constitutes deliberate indifference to his health and safety needs, in violation of his rights under the Eighth Amendment.

In a case involving conditions of confinement in a prison, two elements are required to establish violations of the Eighth Amendment's cruel and unusual punishments clause. First, an objective element requires a showing that the conditions deny the inmate "the minimal civilized measure of life's necessities," creating an excessive risk to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is a subjective element – establishing a defendant's culpable state of mind. *Id.* Furthermore, "a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in his favor." *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000). Applying these principles, the Court is unable to dismiss Howell's complaint against Hinton at this time. *See* 28 U.S.C. § 1915A.

**DISPOSITION**

The Clerk is **DIRECTED** to prepare Form 1A (Notice of Lawsuit and Request for Waiver of Service of Summons) and Form 1B (Waiver of Service of Summons) for Defendant **HINTON**. The Clerk shall forward those forms, USM-285 form submitted by Plaintiff, and sufficient copies of the complaint to the United States Marshal for service.[1]

The United States Marshal is **DIRECTED**, pursuant to Rule 4(c)(2) of the Federal Rules of Civil Procedure, to serve process on Defendant **HINTON** in the manner specified by Rule 4(d)(2) of the Federal Rules of Civil Procedure. Process in this case shall consist of the complaint, applicable forms 1A and 1B, and this Memorandum and Order. For purposes of computing the passage of time under Rule 4(d)(2), the Court and all parties will compute time as of the date it is

---

[1] The Court notes that a USM-285 form for Major Hinton was submitted in the original action. The Clerk shall change the case number on that form to reflect this case.

mailed by the Marshal, as noted on the USM-285 form.

With respect to former employees of Illinois Department of Corrections who no longer can be found at the work address provided by Plaintiff, the Department of Corrections shall furnish the Marshal with the Defendant's last-known address upon issuance of a court order which states that the information shall be used only for purposes of effectuating service (or for proof of service, should a dispute arise) and any documentation of the address shall be retained only by the Marshal. Address information obtained from the Department of Corrections pursuant to this order shall not be maintained in the court file or disclosed by the Marshal.

The United States Marshal shall file returned waivers of service as well as any requests for waivers of service that are returned as undelivered as soon as they are received. If a waiver of service is not returned by a defendant within **THIRTY (30) DAYS** from the date of mailing the request for waiver, the United States Marshal shall:

- Request that the Clerk prepare a summons for that defendant who has not yet returned a waiver of service; the Clerk shall then prepare such summons as requested.

- Personally serve process and a copy of this Order upon the defendant pursuant to Rule 4 of the Federal Rules of Civil Procedure and 28 U.S.C. § 566(c).

- Within ten days after personal service is effected, the United States Marshal shall file the return of service for the defendant, along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. Said costs shall be enumerated on the USM-285 form and shall include the costs incurred by the Marshal's office for photocopying additional copies of the summons and complaint and for preparing new USM-285 forms, if required. Costs of service will be taxed against the personally served defendant in accordance with the provisions of Federal Rule of Civil Procedure 4(d)(2) unless the defendant shows good cause for such failure.

Plaintiff is **ORDERED** to serve upon defendant or, if appearance has been entered by counsel, upon that attorney, a copy of every further pleading or other document submitted for consideration by this Court. He shall include with the original paper to be filed with the Clerk of

the Court a certificate stating the date that a true and correct copy of any document was mailed to defendant or his counsel. Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint, and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. **Failure to do so will result in dismissal of this action under Federal Rule of Civil Procedure 41(b)**.

**IT IS SO ORDERED.**

DATED: 05/13/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge